13077

WASHINGTON v. KING, INSURANCE COMMISSIONER *ET AL.*

(157 S. E., 613)

August, 1930.

*Mr. N. J. Frederick,* for appellant,

*Mr. J. J. Cantey,* for respondent,

February 26, 1931.

432

The opinion of the Court was delivered by Mr. Chief Justice Blease.

The respondent secured, and had entered up in the Court of Common Pleas for Clarendon County, a judgment in her favor against the Grand Lodge Knights of Pythias of Georgia, which it appears is a corporation under the laws of the State of Georgia. This corporation, so far as the record here shows, has no office or place of business or resident agent in this State; neither is it now transacting, nor has it transacted, any business within this State. The record is not clear as to how the respondent was able to obtain this judgment. Her suit was based upon a policy of life insurance of which she was the beneficiary, issued by the corporation in the State of Georgia.

The Grand Lodge Knights of Pythias of South Carolina is a corporation under the laws of this State, with officers and subordinate lodges, and officers of those lodges, resident in this State, and is transacting business in the State. Under the provisions of the insurance laws of this State, this corporation has deposited with the insurance commissioner certain securities applicable to the payment of claims against it.

Both the Georgia and South Carolina corporations mentioned are in a way under the jurisdiction of the Supreme Lodge Knights of Pythias of North America, South America, Europe, Asia, Africa, and Australia, which was incorporated in the District of Columbia under an Act of the Congress enacted on the fifth day of May, 1870 (16 Stat., 98).

That there may be no confusion about the matter, it may be stated that all of these corporations have been organized by, and are now managed and controlled by, Negroes, with the avowed purpose of the betterment of the Negro race. The Supreme Lodge does not issue insurance policies, but such policies are issued by the two state corporations mentioned upon the lives of their respective members. The South Caro-

lina corporation, as to insurance issued by it, has complied, it appears, with the laws of this State relating to the organization and conduct of fraternal benefit insurance companies. Neither of the other two companies has complied with those laws.

Upon the theory that the South Carolina corporation was responsible to the respondent for the amount of the judgment obtained by her against the Georgia corporation, the respondent sought to have made subject to her judgment, by way of lien, enough of the securities in the hands of the insurance commissioner to the credit of the South Carolina corporation. The respondent, therefore, sought, and obtained, from his Honor, Judge Wilson, an order requiring the South Carolina corporation and Hon. S. B. King, insurance commissioner of the State, to show cause why there should not be delivered to the sheriff of Clarendon County sufficient of the securities to the credit of the South Carolina corporation in the hands of the commissioner to discharge the judgment obtained by her against the Georgia corporation and costs thereof.

The insurance commissioner is merely a stakeholder, and has no interest in the proceedings, except to see that the insurance laws are properly enforced. He has submitted the matter to the Court.

The Grand Lodge Knights of Pythias of South Carolina made return to the rule to show cause, and it appears, without dispute, that the facts hereinbefore recited are correct, and it is further conclusively shown that, prior to the commencement of the present proceeding, no summons, complaint, or process of any kind had been served on the South Carolina corporation.

The respondent contends that, as both the Georgia and South Carolina corporations are under the jurisdiction of the Supreme Lodge, incorporated in the District of Columbia, her judgment is really against the Supreme Lodge; that the South Carolina corporation is an agent of the Supreme

Lodge; that the Georgia corporation is likewise an agent of the Supreme Lodge, and either the Georgia or South Carolina corporation may be held liable for payment of her judgment. The Circuit Judge agreed with the respondent's view, and ordered the commissioner to pay the amount of respondent's judgment, or to deliver to the sheriff of Clarendon County sufficient securities to be applied to the payment of that judgment.

To sustain the position taken, the respondent depends upon the case of *Mitchell v. Leech,* 69 S. C., 413, 48 S. E., 290, 66 L. R. A., 723, 104 Am. St. Rep., 811. In that case, this Court held that "The local camps of the Woodmen of the World are agents of the Sovereign Camp, and the Sovereign Camp is liable for injuries inflicted on a member by a local camp in initiating him by means of a mechanical goat, although such contrivance was not authorized by the Sovereign Camp." Syllabus.

It is our opinion that the principles announced in the *Mitchell case* are not applicable here. The suit there was against the Sovereign Camp of the Woodmen of the World, which corporation had its principal place of business in the City of Omaha, Neb. It organized, supervised, and controlled subordinate camps in this State. Our Court held that the subordinate camp was the agent of the Sovereign Camp, and the latter was responsible for certain acts and conduct of the former.

The situation here is entirely different. The judgment obtained here was not against the Supreme Lodge Knights of Pythias, nor was it claimed in the suit in which that judgment was obtained that the South Carolina corporation was the agent of the Supreme Lodge. There is nothing in the record to show that the Supreme Lodge of the Georgia corporation has any interest whatever in the securities in the hands of the insurance commissioner. To the contrary, it expressly appears that those securities, under the insurance laws, were deposited by the South Carolina corpora-

tion for the especial benefit of claims that might be made against the South Carolina corporation, and for no other purpose. There is nothing in the record to show that the South Carolina corporation is the agent of the Georgia corporation, or that the Georgia corporation is agent for the South Carolina corporation. Even if these two corporations were agents of the Supreme Lodge, in the conduct of the business of the Supreme Lodge, they would not necessarily be agents of each other.

We are unable to find any basis upon which to hold the South Carolina Grand Lodge Knights of Pythias responsible for a judgment obtained against the Georgia corporation, and must conclude that the order of the Circuit Judge was erroneous.

The judgment of this Court is that the order appealed from be, and the same is hereby, reversed.

MESSRS. JUSTICES COTHRAN, STABLER and CARTER and MR. ACTING ASSOCIATE JUSTICE COSGROVE ·concur.